**NATIONAL MOBILIZATION COMMITTEE FOR YOUTH FOR the PREVENTION OF CHILD ABUSE AND NEGLECT, Plaintiff,**

v.

**COMMONWEALTH OF MASSACHUSETTS et al., Defendants.**

Civ. A. No. 79–635–C.

United States District Court, D. Massachusetts.

May 29, 1980.

Louis Dolen, pro se.

Joel S. Greenberg, Pittsfield, Mass., for defendant Berkshire Mental Health Association, Inc.

Jeffrey W. Brids, Quincy, Mass., for defendant Chief Admin. Quincy City Hospital.

John J. Gartland, Mansfield, Connolly & Gartland, Boston, Mass., for defendant Nazareth.

Scott A. Smith, Asst. Atty. Gen., Boston, Mass., for defendants Governor, Comm. of Mass., Commissioner, Dept. of Public Welfare, Norfolk County Probate Ct. Chief Judge and Honorable Judge Kaplan.

Claudia H. Noack, William Bradford Trafford, Peabody, Brown, Rowley & Storey, Boston, Mass., for Mass. Society for Prev. of Cruelty to Children.

Arthur A. Smith, Jr., Town Counsel, Braintree, Mass., for Braintree defendants.

Judith S. Yogman, Asst. U. S. Atty., Boston, Mass., for Federal defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action filed by Louis Dolen "pro se, acting president of petitioner organization." The complaint, as originally filed, described the petitioner as an unincorporated association called "National Mobilization Committee for Youth for the Prevention of Child Abuse and Neglect." The complaint, labeled a "Petition in Equity for Declaratory Judgment," named no party defendant but requested that the Court advise (presumably the whole world) as to whether or not the right to be free from abuse and neglect exists as an enumerated right under the United States Constitution's Ninth Amendment.

It needs no demonstration that, as of the filing of the complaint, no case or controversy existed between the purported plaintiff and any identifiable defendant. Thereafter a number of bizarre documents were filed herein, the first being interrogatories directed to Luke G. Tedeschi, M.D. which addressed certain questions to Dr. Tedeschi regarding an autopsy he had performed on an unidentified baby boy found dead at the Natick town dump.

The next document filed contained a group of interrogatories addressed to the Director of the Office for Children, Commonwealth of Massachusetts, "prospective defendant."

Then followed a group of interrogatories addressed to Commissioner Sharp of the Massachusetts Department of Public Welfare.

Next followed a "Motion for Issuance of an Extraordinary Writ" which amounted to an interrogatory to the undersigned as to the extent of the power of this Court to place under federal receivership the "Worcester Secure Treatment Unit."

Petitioner then moved for summary judgment on the application for declaratory judgment, although as of the date of that motion, April 18, 1979 no parties defendant had yet been brought into the case.

In May 1979 petitioner filed an amended complaint naming as parties defendant the Commonwealth of Massachusetts, the Governor, the Commissioner of the State Department of Public Welfare, the Commissioner of the Department of Youth Services, the Director of the State Office of Children, the Worcester Secure Treatment Center, the Director of the Berkshire Mental Health Clinic, the Town of Braintree and its School Department, the United States Treasury, Judges Whitman and St. Cyr of the Quincy District Court, Justice Kaplan of the Supreme Judicial Court, the Chief Judge of Norfolk County Probate Court, the Nazareth Child Care Center, the Administrator of the Quincy City Hospital, the United States Department of Housing, Education and Welfare, and a half dozen assistant commissioners of the various entities named above. The amended complaint is a classic example of non-compliance with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Thereafter plaintiff continued to pour wordy documents of various and sundry kinds into the clerk's office and eventually process was served on some of the above-named parties defendant. No useful purpose would be served by trying to summarize herein the rambling, ranting, and irrelevant writings filed on behalf of the plaintiff.

The matter came before this Court on motions to dismiss filed by or on behalf of the Massachusetts Society for the Prevention of Cruelty to Children, the "state defendants", the Braintree defendants, Nazareth, the United States Department of Housing, Education, and Welfare, the United States Department of the Treasury, and the Berkshire Mental Health Association. Upon consideration of the entire file, it is clear that the motions of all defendants to dismiss this complaint should be allowed for at least the following reasons:

1) Nothing is alleged in the original or amended or further amended complaint to establish that the purported plaintiff, the National Mobilization Committee for the Prevention of Child Abuse and Neglect has any standing whatsoever to appear on behalf of those persons for whom it purports to act.

2) This complaint fails to state a cause of action on behalf of the National Mobilization Committee against any named defendant.

3) This action was filed without authority by the pro se plaintiff, who conceded at the oral argument on the motion to dismiss, that he is not a member of the Bar, as a result of which he is proscribed from representing anyone other than himself by Local Rule 6(c) of the Rules of this Court.

4) As indicated above, the complaint as amended and the barrage of miscellaneous documents filed thereafter totally fail to comply with the requirements of Rule 8(a) and Rule 8(e)(1) of the Federal Rules of Civil Procedure.

Were Mr. Dolen authorized to appear for the entity for whom he purports to act, this Court would normally grant permission to amend the complaint in order to place it into compliance with Rule 8. In this case, no such permission will be granted both because of Mr. Dolen's lack of authority to appear for plaintiff in this Court and more importantly, this Court is persuaded by the examination of this case file that no amendments could change the facts which cry out that this entity has absolutely no standing to represent those people it purports to represent.

Order accordingly.